Mary S. Amschel (Idaho State Bar No. 10150)
ROSA PLLC
950 West Bannock Street, Suite 1100
Boise, Idaho 83702
Telephone:  +1 (208) 900-6525
Fax:  +1 (208) 515-2203
E-mail:  arosa@rosacommerce.com
  mamschel@rosacommerce.com

Attorney for Plaintiff
ANGELO L. ROSA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELO L. ROSA, an individual residing in the State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA, a California corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No. 1:21-cv-00084-BLW<br><br><br><br>**(CORRECTED) STIPULATED DISCOVERY PLAN** |

Plaintiff, ANGELO L. ROSA, by and through MARY S. AMSCHEL, ESQ. of the ROSA PLLC law firm, and Defendant, HYUNDAI CAPITAL AMERICA, by and through DONALD Z. GRAY, ESQ. of the GIVENS PURSLEY LLP law firm hereby stipulate to the discovery plan as follows:

**I.  Preservation**

  a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

   i. **Date Range:** Only ESI created or received between 1 January 2017 and onward will be preserved;

   ii. **Scope of Preservation:** The parties agree to:

      1. Preserve the Following Types of ESI

         a. All data, digital documents, and other information contained on any media type and stored using any method (e.g., on-site servers, off-site storage, "cloud-based" document storage)

      2. From the Following Custodians or Job Titles:

         a. For Plaintiff: himself.

         b. For Defendants: all agents, employees, and representatives with responsibility for subject-matter identified in Section III(a)(1), below.

      3. From the Following Systems, Servers, or Databases

         a. Maintained by Plaintiff: all desktop, laptop, and tablet devices used to access information relating to consumer lending relationship with Defendant;

         b. Maintained by Defendant: All systems, servers, workstations, and databases used to access information relating to consumer lending relationship with Plaintiff and all activities relating to that relationship.

  iii. **Preserved But Not Searched:**  These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

   1. *N/A.*

  iv. **Not Preserved:**  Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

   1. *N/A.*

  v. **ESI Retention Protocols:**  Going forward, the parties agree *not to modify* the document and ESI retention/destruction protocols of *Defendant.*

  vi. **Cost Sharing:**

☒*The parties agree to bear their own costs for preservation of e-discovery.*

## II. Initial Disclosures

a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs: Within seven (7) days of Rule 26(f) conference.
- Defendants: Within seven (7) days of Rule 26(f) conference.

## III. Scope of Discovery

a. **Scope:** Discovery is necessary on the following subjects/issues:

- For Plaintiff:

 1. Defendant's (a) denials of factual allegations and (b) affirmative defenses, as identified in its Answer to Plaintiff's Complaint;

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 3

2. Communication (both written and verbal) between Plaintiff and Defendant relating to Plaintiff's account with Defendant, between January 1, 2017 and April 1, 2021;

3. Defendant's assignment of personnel, tasking of recourses, documentation of activity, and management of workflow relating to Plaintiff's account with Defendant, between January 1, 2017 and April 1, 2021;

4. Defendant's (past and current) payment processing practices relating to consumer financing accounts in both current (i.e., good standing) and collection/delinquent status;

5. Defendant's (past and current) practices for incoming and outbound data processing and management (including materials sent and received electronically and/or in paper format) relating to consumer financing accounts;

6. Defendant's (past and current) accounting, legal, and general organizational practices for writing-off debts related to consumer financing accounts receivable;

7. Defendant's (past and current) collection and consumer credit reporting practices relating to delinquent and "charged off" consumer financing accounts;

8. Defendant's (past and current) information management systems and procedures relating to the collection of consumer financing accounts receivable; and

       9. Defendant's (past and current) compliance management practices relating to internal and external requirements for collection of consumer financing accounts receivable.

- For Defense:

    1. Plaintiff's proof of payment on the subject account, including any proof of mailing for such alleged payments;

    2. Plaintiff's proof of communications with Defendant and/or its counsel/agents;

    3. _Plaintiff's credit history, including all credit reports in his possesion or otherwise available to him;

    4. Plaintiff's alleged damages;_____;

    5. Any facts or items disclosed by Plaintiff in discovery.

**IV.**  **Discovery Boundaries**

    a. **Limits:** The parties agree to limit the number of discovery tools as follows:

☒Depositions:         Five (5) per party;

☒Interrogatories:       Thirty (30) per party; (with subparts relating to common theme of an interrogatory counting as a single interrogatory)

☒Requests for Production:   Thirty (30) per party, including e-mail production requests.

**V.**  **ESI**

    a. ***Checklist:*** The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 5

b. **_Proportionality_**: *Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*
- *that was created more than 5 years before the filing of the lawsuit;*
- *from sources that are not reasonably accessible without undue burden or cost; or*
- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

c. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

☒PDF;

☐TIFF;

☒Native; and/or

☒Paper.

d. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 6

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

☒with metadata, and, if so, in the following fields: dates (creation, modification), author, recipient and related relevant fields to the extent such data exists.

   e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☒Predictive coding (or technology assisted review);

☒ Keyword search;

☐Other: _____.

   f. **Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: to the extent sufficient to identify the complete sequence of actions between the date a request is received by the party to the date of production.

   g. **General ESI Production vs. E-mail Production:** The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

   h. **E-mail Custodian List Exchange:**  On or before the deadline for initial disclosures, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the most significant listed e-mail custodians in view of the pleaded claims and defenses.

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 7

i. **Discovery Re E-mail Custodians, Search Terms & Time Frames:** Each requesting party may propound up to ten (10) written discovery requests and take one (1) deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

j. **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

k. **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of *[30]* custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

l. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of thirty (30) keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

m. **Liaison:** Each party will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of

ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

a. The deadline for the completion of fact discovery is: August 30, 2021.

b. The deadline for completion of expert witness discovery is: October 31, 2021.

## VII. Phased or Issue-Specific Discovery

a. *[Phased Discovery]* The parties agree to conduct discovery in phases, focusing in the first phase on key information that is easily accessible. The parties will then use that the results of that initial phase of discovery to guide further discovery.

- **First Phase of Discovery**: During the first phase, the parties will conduct discovery on the following subject[s]:

For Plaintiff: Subjects identified in Section III(a)(1)-(a)(9);

For Defendant: Subjects identified in Section III(a)(1)-(a)(5).

- **Scope of First Phase**: During the first phase of discovery, the parties shall take the following discovery:

  - **Depositions**:
    - For Plaintiff: Defendant's F.R.C.P. 30(b)(6) designees;
    - For Defendant:
      - Plaintiff;
      - Any necessary rebuttal fact witness to be determiend in discovery.

  - **Interrogatories**:
    - For Plaintiff: Subjects identified in Section III(a)(1)-(a)(9);

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 9

- o For Defendant: Subjects identified in Section III(a)(1)-(a)(5);

- **Requests for Production**:
    - o For Plaintiff: Subjects identified in Section III(a)(1)-(a)(9);
    - o For Defendant: Subjects identified in Section III(a)(1)-(a)(5);

- **Deadline for Completion of First Phase**: The parties shall complete the first phase of discovery on or before August 30, 2021.

- **Further Discovery**: Following completion of the first phase of discovery, the parties will meet together to determine what discovery, if any, is needed in the next phase.

b. *[Issue-Specific Discovery]* The parties agree that discovery should be focused first on *[jurisdiction] [venue] [qualified immunity] [affirmative defenses that may be dispositive] [information necessary to engage in meaningful settlement discussions] [etc.]*.

- **Deadline for Completion of Issue-Specific Discovery**: The discovery on the issue of *[jurisdiction] [venue] ][qualified immunity][affirmative defenses that may be dispositive][information necessary to engage in meaningful settlement discussions] [etc.]* will be completed on or before _____, at which time the parties will meet to determine what needs to be done next.

VIII.  **Documents Protected From Discovery**

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 10

    a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

    b. **Quick Peek:**  The parties

☐*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein:]*

    c. **Post-Complaint Communications:**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**IX.   Protective Order**

    a. The parties have agreed to the terms of a Protective Order to protect *[trade secrets, proprietary material, personal information, etc]* and will submit that to the Court for its approval.

    b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DATED: May 11, 2021 Respectfully Submitted,

For ROSA PLLC

*/s/ Mary S. Amschel*
Mary S. Amschel
Attorney for Plaintiff

For GIVENS PURSLEY LLP

*/s/ Donald Z. Gray*
Donald Z. Gray
Attorney for Defendant
Hyundai Motor America

**(CORRECTED) STIPULATED DISCOVERY PLAN** – Page 12